1

2

3

4

5

6

7

8               **IN THE UNITED STATES DISTRICT COURT**

9               **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11    DONALD CLARENCE CHAMBERS,              No.  2:19-CV-0582-DMC-P

12                    Plaintiff,

13           v.                                    ORDER

14    JIM BENTLEY, et al.,

15                    Defendants.

16

17            Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to

18    42 U.S.C. § 1983.  Pending before the Court is Plaintiff's complaint (ECF No. 1).

19            The court is required to screen complaints brought by prisoners seeking relief

20    against a governmental entity or officer or employee of a governmental entity.  See 28 U.S.C.

21    § 1915A(a).  The Court must dismiss a complaint or portion thereof if it: (1) is frivolous or

22    malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief

23    from a defendant who is immune from such relief.  See 28 U.S.C. § 1915A(b)(1), (2).

24            The Federal Rules of Civil Procedure require complaints contain a "…short and

25    plain statement of the claim showing that the pleader is entitled to relief."  See McHenry v.

26    Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (quoting Fed. R. Civ. P. 8(a)(1)).  Detailed factual

27    allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action,

28    supported by mere conclusory statements, do not suffice."  Ashcroft v. Iqbal, 556 U.S. 662, 678

                                                    1

1   (2009) (citing <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007)).  While a plaintiff's

2   allegations are taken as true, courts "are not required to indulge unwarranted inferences." <u>Doe I v.</u>

3   <u>Wal–Mart Stores, Inc.</u>, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation

4   omitted).

5          Prisoners proceeding pro se in civil rights actions are entitled to have their

6   pleadings liberally construed and are afforded the benefit of any doubt. <u>Hebbe v. Pliler</u>, 627 F.3d

7   338, 342 (9th Cir. 2010) (citations omitted).  To survive screening, Plaintiff's claims must be

8   facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer

9   that each named defendant is liable for the misconduct alleged, <u>Iqbal</u>, 556 U.S. at 678 (quotation

10  marks omitted); <u>Moss v. United States Secret Service</u>, 572 F.3d 962, 969 (9th Cir. 2009).  The

11  sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with

12  liability falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678 (quotation marks

13  omitted); <u>Moss</u>, 572F.3d at 969.

14         Plaintiff names the following as defendants: (1) Jim Bentley, a prison doctor;

15  (2) Miguel Augilera, a registered dietician; and (3) Martin Kuersten, also a prison doctor.

16  Plaintiff's claim arises out of a medical document allegedly fabricated by Defendants, based on a

17  blood test that was never processed, stating Plaintiff is not allergic to soy when in fact he is.

18  Plaintiff alleges he took a blood test that determined he was highly allergic to soy.  As a result of

19  the alleged fabrication of the medical record, Defendants did not accommodate Plaintiff's soy

20  allergy and Plaintiff experienced repeated allergic reactions and sickness.  Plaintiff did not

21  receive any soy-free meals as designated by the special soy-free diet and was forced to either not

22  eat or experience severe allergic reactions.  Assuming plaintiff's allegations are true, as the court

23  must, they indicate Defendants were deliberately indifferent to Plaintiff's soy allergy.

24         The complaint appears to state a cognizable claim for relief pursuant to 42 U.S.C.

25  § 1983 and 28 U.S.C. § 1915A(b).  If the allegations are proven, plaintiff has a reasonable

26  opportunity to prevail on the merits of this action.  The court, therefore, finds that service is

27  appropriate and will direct service by the U.S. Marshal without pre-payment of costs.  Plaintiff is

28  informed, however, that this action cannot proceed further until plaintiff complies with this order.

Plaintiff is warned that failure to comply with this order may result in dismissal of the action.  <u>See</u> Local Rule 110.

                 Accordingly, IT IS HEREBY ORDERED that:

                 1.       The court authorizes service on the following defendant(s):

                           Jim Bentley,

                           Miguel Augilera,

                           Martin Kuersten;

                 2.       The Clerk of the Court shall send plaintiff one USM-285 form for each defendant identified above, one summons, an instruction sheet, and a copy of the complaint; and

                 3.       Within 30 days of the date of service of this order, plaintiff shall complete the attached Notice of Submission of Documents and submit the following documents to the court:

                           a.       The completed Notice of Submission of Documents;

                           b.       One completed summons;

                           c.       3 completed USM-285 form(s); and

                           d.       4 copies of the endorsed complaint.

Dated:  June 12, 2019

                                               _____
                                               DENNIS M. COTA
                                               UNITED STATES MAGISTRATE JUDGE

1

2

3

4

5

6

7            **IN THE UNITED STATES DISTRICT COURT**

8            **FOR THE EASTERN DISTRICT OF CALIFORNIA**

9

10   DONALD CLARENCE CHAMBERS,            No.  2:19-CV-0582-DMC-P

11                Plaintiff,

12          v.

13   JIM BENTLEY, et al.,

14                Defendants.

15

16                    <u>NOTICE OF SUBMISSION OF DOCUMENTS</u>

17          Plaintiff hereby submits the following documents in compliance with the court's

18   order:

19          __1__       completed summons form;

20          ____       completed USM-285 form(s); and

21          ____       copies of the complaint.

22

23                                        _____
                                          Plaintiff

24

25

26

27

28

                                            4